UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILLY LEE NICKSON,

                    Petitioner,              Case No. 07-12537
                                              Honorable David M. Lawson

v.

JAN E. TROMBLEY,

                    Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Billy Lee Nickson, presently confined at Saginaw Correctional Facility in Freeland, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, the petitioner challenges his Wayne County Circuit Court conviction for second-degree murder, Mich. Comp. L. § 750.317, asserting that the trial court erred in instructing the jury and admitting certain evidence. The respondent filed an answer to the petition contending that the claims are barred by procedural default and lack merit. The Court finds that the petitioner's claims lack merit and do not warrant habeas relief. Therefore, the Court will deny the petition.

I.

The petitioner's conviction arises from the stabbing death of his girlfriend, Shatara Burns, at their home in Detroit, Michigan on December 12, 2004. The Michigan Court of Appeals described the facts as follows:

Defendant and the victim lived together in Detroit. On the morning of December 12, 2004, they had an argument. Defendant struck the victim with a large toy. In response, the victim allegedly obtained a knife. Defendant took the knife from the victim and stabbed her with it, causing her death. Defendant thereafter called 911 and told the operator what had happened, including the fact that he had stabbed and killed the victim. He then surrendered to the police, who had been dispatched to the scene of the incident. Defendant told the police that he "did it."

Defendant was questioned by an investigator at the Detroit Police Department. After being given his *Miranda* warnings and waiving them, defendant told the investigator that he had killed the victim. He stated that he had hit the victim with a toy car, and that the victim then got a knife. Defendant stated that he took the knife from the victim and stabbed her in the abdomen.

The trial court instructed the jury on second-degree murder, voluntary manslaughter, and self-defense, using the standard criminal jury instructions. Defendant did not object to the instructions.

*People v. Nickson*, 2006 WL 2818491, *1 (Mich. Ct. App. Oct. 3, 2006) (unpublished) (footnote citation omitted). At the close of trial, the jury convicted the petitioner of second-degree murder. The trial court sentenced him as a fourth habitual offender, Mich. Comp. Laws § 769.12, to thirty to fifty years imprisonment.

The petitioner filed a direct appeal in the Michigan Court of Appeals, raising the following questions:

Does the trial court's "state of mind" instruction deny appellant his constitutionally guaranteed right of due process thereby requiring that he be granted a new trial?

Was trial court's denial of inlimine [sic] motion to suppress 911 tapes into evidence [sic] an abuse of discretion?

The state court of appeals affirmed his conviction. *People v. Nickson*, 2006 WL 2818491. The Michigan Supreme Court denied leave to appeal because it was "not persuaded that the questions presented should be reviewed by this Court." *See People v. Nickson*, 477 Mich. 1006, 726 N.W.2d 10 (2007) (table).

The petitioner timely filed his federal habeas corpus petition, alleging the following grounds:

(1) Trial Court's "state of mind" instruction denied Petitioner his Constitutionally guaranteed right of Due Process

(2) The trial court abused it[s] discretion in admitting evidence over [petitioner's] objection denying [petitioner] the Constitutionally guaranteed right to a fair trial.

Pet. at 2-3. The respondent opposes the petition, contending that the claims are barred by procedural default and lack merit.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Therefore, federal courts normally are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) ( internal quotes omitted)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody

pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .

> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .

> [A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 409, 410-11; *see also Eady v. Morgan*, 515 F.3d 587, 594-95 (6th Cir. 2008); *Davis v. Coyle*, 475 F.3d 761, 766-67 (6th Cir. 2007); *King v. Bobby*, 433 F.3d 483, 489 (6th Cir. 2006); *Harbison v. Bell*, 408 F.3d 823, 828-29 (6th Cir. 2005); *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

As an initial matter, the respondent contends that the petition should be denied because the petitioner's claims are barred by procedural default. The Supreme Court has described doctrine of procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Although the procedural default doctrine precludes habeas relief on a defaulted claim absent satisfaction of the cause-and-prejudice test, the doctrine is not jurisdictional. *See Trest v. Cain*, 522 U.S. 87, 89 (1997); *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005). Although the Court would ordinarily resolve the procedural default issue first, "judicial economy sometimes dictates reaching the merits [of a claim] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) (internal citations omitted); *see also Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997); *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) ("[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits."). In this case, it is more efficient to proceed directly to the merits of the petitioner's claims.

A.

The petitioner first asserts that he is entitled to habeas relief because the trial court erred in

instructing the jury on the state of mind required to support a conviction for second-degree murder.

He challenges the following instruction:

> You must think about all of the evidence in deciding what the defendant's state of
> mind was at the time of the alleged killing.

> The defendant's state of mind may be inferred from the kind of weapon used, the
> type of wounds inflicted, the acts and words of the defendant and any other
> circumstances surrounding the alleged killing.

> You may infer that the defendant intended to kill if he used a dangerous weapon in
> a way that was likely to cause death.

> Likewise, you may infer that the defendant intended the usual results that followed
> from the use of a dangerous weapon.

Trial Tr., Vol. II, p. 113.

An erroneous jury instruction warrants habeas corpus relief only where the instruction "'so

infected the entire trial that the resulting conviction violates due process.'" *Estelle v. McGuire*, 502

U.S. 62, 72 (1991) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).  "[I]t must be established

not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that

it violated some [constitutional] right." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).  The

jury instruction "'may not be judged in artificial isolation,' but must be considered in the context

of the instructions as a whole and the trial record." *Estelle*, 502 U.S. at 72 (quoting *Cupp*, 414 U.S.

at 147).  The Court must "inquire 'whether there is a reasonable likelihood that the jury has applied

the challenged instruction in a way' that violates the Constitution." *Ibid*. (quoting *Boyde v.*

*California*, 494 U.S. 370, 380 (1990)).

In reviewing this claim for plain error, the state court of appeals found that the trial court used a standard criminal jury instruction and ruled that no error occurred because the instructions, taken as a whole, fairly presented the applicable law to the jury. The Court rejected the petitioner's argument that the instruction shifted the burden of proof to him. The court also indicated that any alleged error should be considered harmless due to the overwhelming evidence of guilt presented at trial. *See Nickson*, 2006 WL 2818491 at *1-2.

The state court's decision is neither contrary to nor an unreasonable application of Supreme Court precedent. The language "may be inferred" and "you may infer" used in the jury instruction is permissive language. Permissive inferences do not shift the burden of proof to a defendant and are not improper. *See Coe v. Bell*, 161 F.3d 320, 331-32 (6th Cir. 1998). The petitioner has failed to show that the trial court's use of the standard jury instruction violated any right secured by the Constitution. Moreover, the trial court instructed the jury that a criminal defendant is presumed innocent and that the prosecution has the burden of proving each element of the crime beyond a reasonable doubt. Lastly, given the significant evidence of guilt presented at trial, there is no basis to believe that the instruction had a "substantial and injurious effect or influence in determining the jury's verdict." *See Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993); *see also Fry v. Pliler*, 127 S. Ct. 2321, 2328 (2007); *Vasquez v. Jones*, 496 F.3d 564, 575 (6th Cir. 2007). The petitioner is not entitled to habeas relief on this claim.

## B.

The petitioner next claims that he is entitled to habeas relief because the trial court erred in admitting evidence of his 911 call. The petitioner asserts a violation of state discovery rules, including Mich. Ct. R. 6.201(F), as well as unfair surprise. Alleged trial court errors in the application of state procedural or evidentiary law are generally not cognizable as grounds for federal habeas relief. *See Estelle*, 502 U.S. at 67-68; *Serra v. Michigan Dept. of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant habeas relief. *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

The Michigan Court of Appeals concluded that the trial court did not err in admitting the tape of the 911 call because there was no indication that defense counsel made a request for discovery and because both the petitioner and defense counsel were aware that the petitioner made the 911 call. *See Nickson*, 2006 WL 2818491 at *2-3.

To the extent that the petitioner challenges this decision under the Michigan Court Rules, he merely alleges a violation of state law, which does not entitle him to federal habeas relief. *See Lorraine v. Coyle*, 291 F.3d 416, 441 (6th Cir. 2002). It is well settled that there is no constitutional right to general discovery in criminal cases. *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988). Furthermore, the petitioner is also not entitled to habeas relief on his claim of unfair surprise. As noted by the state court of appeals, the petitioner and his counsel were aware that the petitioner made the 911 call following the incident. The petitioner has not shown that the admission of the call into evidence at trial was improper or violated fundamental fairness. Habeas relief is not warranted on this claim.

### III.

The petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt #1] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: October 29, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 29, 2008.

s/Felicia M. Moses
FELICIA M. MOSES